■ ALVARO Z. SOSSA, Respondent-Appellant, v ELDOR CONTRACTING CORP., Appellant-Respondent, and HENDRICKSON/SCALAMANDRE/POSILLICO, A TRI-VENTURE, Respondent. (And a Third-Party Action.) [757 NYS2d 456] —In an action to recover damages for personal injuries, the defendant Eldor Contracting Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), entered February 15, 2002, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the plaintiff cross-appeals from so much of the same order as granted the motion of the defendant Hendrickson/Scalamandre/Posillico, a Tri-Venture, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the appellant-respondent and respondent-appellant to the defendant Hendrickson/Scalamandre/Posillico, a Tri-Venture.

The defendant Hendrickson/Scalamandre/Posillico, a Tri-Venture (hereinafter Tri-Venture) made a prima facie showing of entitlement to judgment as a matter of law. In response, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980]). Accordingly, the Supreme Court properly granted Tri-Venture's motion for summary judgment dismissing the complaint insofar as asserted against it.

Further, in opposition to Eldor Contracting Corp.'s (hereinafter Eldor's) prima facie showing of entitlement to judgment as a matter of law, the plaintiff raised triable issues of fact (see Alvarez v Prospect Hosp., supra). Accordingly, the Supreme Court properly denied Eldor's motion for summary judgment.

Eldor's remaining contention is unpreserved for appellate review. Altman, J.P., Goldstein, Luciano and H. Miller, JJ., concur.